## MOBILE & GIRARD RAILROAD CO. *vs.* EDWARDS.

[ACTION FOR DAMAGES FOR BREACH OF INDEPENDENT AGREEMENT.]

1. *Evidence; what inadmissible as.*—A written agreement, the foundation of an action for damages, made in the year 1863, and unstamped, is inadmissible as evidence.
2. *Same, instrument made in* 1863 ; *how only can be stamped.*—Such an instrument can only be stamped, since the 1st day of January, 1867, by the revenue collector of the proper district.
3. *Same, terms of such unstamped agreement; can not be proved by parol evidence.*—Where the written instrument which is the foundation of the suit is unstamped, and excluded as evidence for that reason, the contract evidenced by such written instrument can not be proved by oral evidence.

APPEAL from Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

THE appellant having brought an action against the appellee to recover damages for the breach of an agreement to deliver certain bacon, &c., introduced as evidence the written contract for the delivery of said bacon, made by appellee in 1863, when the court, on motion of appellee, excluded the instrument from the consideration of the

jury, because it had no United States internal revenue stamp affixed thereto.

The appellant then offered to affix and cancel, in open court, the proper amount of United States internal revenue stamps upon said instrument, and the court refused to permit this done.

The appellant then offered a witness to prove the contract made by appellee in regard to the delivery of the bacon, but the court, on its being made known that the contract which the witness proposed to prove and that set out in the written instrument were the same, refused to allow said witness to be introduced.

To each of said rulings appellant excepted, and took a non-suit, &c.

The various rulings of the court excepted to are now assigned as error.

W. C. OATES, for appellant.

F. M. WOOD, *contra.*

B. F. SAFFOLD, J.—A written agreement, the foundation of an action for damages for a breach of it, made in 1863, and unstamped, is not admissible in evidence. Nor can a party having an interest in it affix the stamp since the 1st day of January, 1867. This must be done by the collector of the revenue of the proper district. It is not void for being unstamped, unless the omission of the stamp was in fraud of the revenue laws.—U. S. Stat. at Large, 39th Congress, 143, § 9.

The refusal of the court to allow the plaintiff to prove the terms of the agreement by a witness, was correct. The general rule that oral evidence can not be substituted for any written conveyance or contract, applies with full force in this case.—1 Phil. Ev. 576, and note 167.

The judgment is affirmed.